E-FILED
Friday, 25 March, 2016   04:16:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 15-10042 |
| ) | |
| JACK L. NIMRICK, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPONSE TO GOVERNMENT'S OPPOSITION TO EVE OF RELEASE HEARINGS

Now comes the Defendant, JACK L. NIMRICK, by his attorney, and for the reasons that follow, respectfully requests that this Court in imposing sentence also schedule an eve of release hearing in accordance with *United States v. Poulin*, 2016 WL 51387, No. 14-2458 (7th Cir., Jan. 5, 2016.

The seventh circuit court of appeals denied the government's request for panel rehearing in *Poulin* on February 22, 2016 (Docket #37). The government declined to seek rehearing *en banc*. Most if not all of the arguments the government now makes in opposition of eve of release

1

hearings were already made and apparently unpersuasive.

The government speculates as to the future "cost" in instituting best practices. Neglected however, is the fact that imprisonment costs more than $30,000 per year. The human cost of incarceration is not as easily measured in dollars. An initial sentence of one year less in prison would likely offset any additional cost of compliance and may lead to lower recidivism rates lowering overall costs in the future.

The government decries the financial "burden" of providing representation. A similar argument was made by Bruce R. Jacob, Assistant Attorney General of Florida in 1963 in opposition to appointing counsel for Clarence Earl Gideon.

> MR. JACOB: I'm arguing that you shouldn't draw such a line under the due process clause; but if you do, that is the logical place to draw it, between capital and noncapital cases.
> If the Sixth Amendment as it's presently construed in *Johnson* versus *Zerbst* is to be incorporated or absorbed into the Fourteenth Amendment, the rule would have to extend to all misdemeanors because the Sixth Amendment just says in all criminal prosecutions the defendant is entitled to counsel. And of course, misdemeanors are crimes. I don't see how the Court could draw a distinction; **they'd have to provide lawyers in all crimes no matter how minute or how small they are. This would place a tremendous burden upon the taxpayers of every State; it would be foolish—**

*Gideon v. Wainwright 372 U.S. 335 (1963) (Oral Argument)* **(emphasis added)**
*http://www.rashkind.com/Gideon/Gideon_v_%20Wainwright_oral_argument_transcript.htm (Last accessed March 25, 2016)*

The government states, "Counsel would likely have to be appointed to represent the defendant, and any appointed counsel would need to meet with the defendant to discuss the conditions and any objections". Over half a century after the Supreme Court's decision in *Gideon* the benefits of representation should be self-evident. The government's concern for "FPD or the CJA panel budgets" is noted. However, efforts to deprive indigent persons of representation in the name of cost savings, while arguing to send the same persons to a decade or more of incarceration at financial cost of over $30,000 per year should be viewed with caution if not skepticism. Although FPD attorneys would perform additional duties, as salaried employees the government's concerns regarding potential budgetary impact amounts to little more than speculation.

*United States v. Poulin*, 2016 WL 51387, No. 14-2458 (7th Cir., Jan. 5, 2016) mandated that the District Court must set a eve of release (from

incarceration) hearing to review the conditions of release with the defendant and to consider whether to modify one or more of the conditions in light of any changed circumstances brought about by the defendant's experiences in prison. It is the position of the defendant that the court in *Poulin* created a presumption that such hearings are to be ordered as a matter of best practices in all cases where the length of sentence necessitates a defendant "be reminded of the conditions of supervised release" and where the defendant is sentenced to serve a term in prison of such duration that "changed circumstances brought about by experiences in prison" may occur.

In *Poulin*, the court wrote:

> We also instruct the district court to include a requirement that Poulin, 'on the eve of his release from prison, attend a brief hearing before the sentencing judge (or his successor) in order to be reminded of the conditions of supervised release. That would also be a proper occasion for the judge to consider whether to modify one or more or the conditions in light of any changed circumstances brought about by [Poulin's ] experiences in prison.

2016 WL 51387, at 10*, No. 14-2458 (7th Cir., Jan. 5, 2016).

Although the Appellate Court directed the District Court to take

4

specific action with respect to Poulin it did so in the context of the District Court's failure to follow suggested best practices. However, with *Poulin* the Appellate Court made it abundantly clear that a District Court disregards suggested best practices at its own peril.

The court in *Poulin* cited language from its opinion in *Siegel* when it directed the District Court to hold such a hearing.  In *United States v. Siegel*, 753, F3d 705 (7th Cir. 2014), the court wrote:

> For the future we recommend the following "best practices" to sentencing judges asked  to impose (or minded on their own to impose) conditions of supervised release…5.  Require that on the eve of his release from prison, the defendant attend a  brief hearing before the sentencing judge (or his successor) in order to be  reminded of the conditions of supervised release.  That would also be a proper occasion for the judge to consider whether to modify one or more of the conditions in light of any changed circumstances brought about by the defendant's experiences in prison.

 In *United States v. Kappes*, 782 F3d 828 (7th Cir. 2015), the court noted its opinion in *Siegel* and wrote:

> Although not currently mandated by statute or the guidelines, we have suggested that sentencing judges require that on the eve of his release from prison, the defendant attend a brief hearing before the sentencing judge (or his successor) in order to be reminded of the conditions of release [and for the court to consider modifications.]

Mandating an 'eve of release 'hearing would not require a significant additional commitment of time and tax dollars. Modern advances in technology such as video conferencing, and even not so modern advances in technology such as the telephone, are frequently employed to conduct hearings where the defendant is housed remotely. For example, Rule 35(b) hearings are routinely conducted by phone in this district with inmates held in prisons throughout the nation.

Additionally, the Probation Office already conducts a very similar investigation and meeting prior to a defendant's release. As the government argued before Judge Mihm in *United States v. Crumble* 13-10078 :

> Presently, the majority of defendants re-enter society through a residential reentry center, formerly called a halfway house, in the jurisdiction where they are approved to reside. A U.S. Probation Officer meets with the defendant periodically during the defendant's time in the center and holds a formal pre- release meeting approximately 30 days prior to the defendant's release. At this meeting the probation officer reviews each term of supervised release.

> Little additional effort or expense would be required to have a similar

6

review conducted in open court whether in person, by video conference, or by phone. A hearing would add clarity and transparency to the process. Adding the input of the Judge, prosecutor, and defense counsel immediately prior to release would serve to clarify and reinforce the conditions of supervision for the defendant and likely save time and money by reducing recidivism.1  Also, a transcript would provide more current and transparent documentation of exactly what is expected of the defendant.

For the reasons stated above it is the position of the defense that the Appellate Court in *Poulin* created a presumption that 'eve of release' hearings are to be ordered as a matter of best practices in all cases where the length of sentence necessitates a defendant "be reminded of the conditions of supervised release" and where the defendant is sentenced to serve a term in prison of such duration that "changed circumstances brought about by experiences in prison" may occur before his release.

In the present case the statutory sentencing range is 5-20 years. The defense respectfully requests that this Court in imposing sentence also

---

1  Revocations occur in approximately one-third of cases in which supervised release terms were imposed, **Recidivism of Offenders on Federal Community Supervision (December 21, 2012)** *Prepared for the Bureau of Justice Statistics and the Office of Probation and Pretrial Services, by Abt Associates, Inc., Cambridge, MA*

schedule an eve of release hearing in accordance with *United States v. Poulin*, 2016 WL 51387, No. 14-2458 (7th Cir., Jan. 5, 2016).

Jack L. Nimrick,    Defendant

/s/ Karl Bryning
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: karl_bryning@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Ron Hanna, Assistant United States Attorney, 211 Fulton Street, Suite 400, Peoria, IL 61602.

/s/ Karl Bryning
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: karl_bryning@fd.org